UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CR-20438-GAYLES

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )
 vs.                         )
                             )
ALBERTO GONZALEZ,            )
                             )
        Defendant.           )
                             )
_____)

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION
REPORT AND RECOMMENDATION TO THE BUREAU OF PRISONS**

COMES NOW the Defendant, Alberto Gonzalez, by and through undersigned

counsel, pursuant to Federal Rule of Criminal Procedure 32, 18 U.S.C. §3551 *et seq*.

and files these objections to the Presentence Investigation Report (PSR) and Request

for a recommendation to the Bureau of Prisons for service of sentence.

## I.  INTRODUCTION

Throughout the prosecution in this matter the Defendant has been clear to

all parties that he wanted to be considered as an individual, and while he has entered

a plea to both Counts of the Indictment in which he is charged, he has repeatedly, through counsel to both the AUSA handling this matter and when the meeting was held with the Probation Officer that his concern was that when he gets to prison he did not wish to look upon by others as having cooperated with the Government, directly or indirectly against any other individual.  As stated in the Stipulated Factual Basis, the Defendant met with another individual in order to purchase more than 500 grams of cocaine.  This is set forth in the third paragraph of the Stipulated Factual Basis, at pages 1 and 2, in the third paragraph that:

> On September 24, 2024, the Defendant obtained  approximately one kilogram of cocaine from a co-conspirator.  Law enforcement subsequently conducted a lawful traffic stop of the Defendant's vehicle in Miami-Dade County, Florida.  A narcotics  canine alerted to the odor of narcotics emanating from the vehicle.  Law enforcement searched the vehicle and seized the cocaine from the trunk of the Defendant's vehicle.  The Drug Enforcement Administration laboratory confirmed the substance seized from the Defendant was approximately 1013.7 grams of cocaine.

The Defendant was arrested at that time by Miami-Dade law enforcement officers and charges were filed against him the Circuit Court of the Thirteenth Judicial Circuit for Trafficking in Cocaine.  This was done so as to not disclose the existence of the wiretap that was in place by a combination of state and federal law enforcement officials.  Months later the Defendant was indicted in the present case.

The Defendant has a specific and reasonable fear that if this Presentence Investigation Report is not amended to address **his** involvement in the conspiracy charged and for the cocaine that he admitted by virtue of his plea to have possessed,

that while incarcerated he will be attacked and injured by other inmates as well as his paramour and his children will be subject to be harmed if he is seen to be a "cooperator". For those reasons he makes the objections that follow in this matter to accurately depict his involvement in this matter.

## II.  PART A. THE OFFENSE

Charges and Convictions.  The Defendant has no objections to the first five paragraphs of the PSR relative to the charges to which the Defendant plead guilty before this Court.

The Offense Conduct

1.  Beginning at page five, paragraph 6, the Probation Officer provides a general discourse of the acts of other individuals, including a federal wiretap, physical surveillance and the execution of search warrants.  The only relevant portion of this paragraph relevant to the Defendant is what was agreed to between the Defendant and the Government and what the Defendant plead to before this Court. The Defendant's involvement in this matter consisted in a single purchase of a quantity of cocaine from another individual.  Those facts are truly and accurately set forth in the agreement between the Government and the Defendant in the "Stipulated Factual Basis" found in Docket Entry 213, a copy of which is provided and adopted as incorporated by reference.

The Defendant respectfully requests that the Probation Officer and the Court strike from the Presentence Investigation Report all other contents of the Report that is not directly relevant to the Defendant.

2.  Page 6, Paragraph 7.  Once again, the Defendant objects to the inclusion in his PSR the recounting of the actions of various individuals from truck drivers, alleged cartel members and various other acts committed by other individuals.  As stated in the Stipulated Factual Basis, the Defendant purchased a quantity of cocaine from a coconspirator weighing approximately one kilogram.  The Defendant was followed a short distance away from that action and was stopped and arrested.

3.  Pages 6 through 10, Paragraphs 8 through 22 are irrelevant to the Defendant and to his sentence.  He once again moves the Court to strike this language from the Defendant's PSR.

4.  Page 10, Paragraph 23.  The Defendant admits that he was arrested on October 8, 2025 and that he made no post-arrest statements.

Role Assessment.

5.  Pages 10 and 11, Paragraphs 24 through 27 are irrelevant to the Defendant and the Defendant objects to their inclusion in his PSR and moves that these paragraphs be stricken.

6.  Page 11,  Paragraph 28.  The Defendant agrees that he should not receive any aggravating role.  As acknowledged in the PSR at Page 26, Paragraph 105, the

Defendant's guidelines range is Offense Level 21, Criminal History Category 1, placing the Defendant in a Guidelines Range of between 37 and 46 months.  He acknowledges that the Court must impose a sentence of Five Years imprisonment followed by a term of Four Years of Supervised Release.

7.   Page 11, Paragraph 28 and Page 12, Paragraph 36.   The Defendant addresses the same fundamental with respect to incorrect factual representations of the PSR.   These objections are based on the "Stipulated Factual Basis" that is contained in Document Entry 213, a copy of which is attached and adopted.   The second paragraph of that document states:

> Beginning at least as early as September 2024, and continuing through September 24, 2024, in Miami-Dade County, in the Southern District of Florida, the Defendant did knowingly and willfully combine, conspire, confederate, and agree with others to distribute and possess with intent to distribute more than 500 grams but less than two (2) kilograms of cocaine, in violation of 21 U.S.C. §§841(as)(1 & (b)(1)(B) and 846.

That is what the Government stipulated that it could prove and what the Defendant stipulated was true and what the Government could prove.  Therefore, the language in Paragraph 28 alleging that the Defendant ". . . purchased cocaine from Fernandez" is factually inaccurate.  The Defendant therefore objects to this factual assertion.  On page 12, at Paragraph 37, the PSR mistakenly states that the Defendant "adopted the Factual Proffer", a factually inaccurate statement as evidenced by DE 213, which was correctly titled and in fact was a stipulated factual basis for the plea.

8.  Page 26, Paragraph 107.  The Defendant agrees that there was no plea agreement in this case.

## III.  PART C.  OFFENDER CHARACTERISTICS

Substance Abuse

9.  Page 21, Paragraph 81.  Due to the Defendant's admitted use of alcohol since the age 18 and his continued consumption of alcohol up to the day of his presentence interview, the Defendant admits that he has an alcohol problem.  He therefore moves for the Court to recommend that he be admitted to all substance abuse programs while incarcerated.

Financial Condition:  Ability to Pay.

10.  Page 24, Paragraph 96.  The Defendant transferred ownership of the 2013 Kawaski motorcycle to a relative.  The relative has not as yet transferred the title into his name.  The Defendant does not have an ownership interest in that vehicle.

## IV.  REQUEST FOR RECOMMENDATION

11.  The Defendant, a lifelong resident of Miami-Dade County and the father of two minor children which he supports, requests that this Court recommend to the Bureau of Prisons that the Defendant be housed at the closest appropriate facility to Miami-Dade County.

WHEREFORE the Defendant respectfully requests that this Court strike the above-mentioned objections and order the amendment to the Presentence Investigation Report and recommend to the Bureau of Prisons that the Defendant be housed at the nearest institution to which he is assigned to.

DATED this 20th day of May, 2026.

*John R. Howes, Esq.*
John R. Howes, Esq.
Howes Law Group, P.A.
110 SE 6th Street
Suite 1700
Fort Lauderdale, FL 33301
Phone:  954.328.2358
Email:  FloridaLawyer@outlook.com
Florida Bar No. 0219193

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objections to the Presentence Report has been furnished by Electronic Delivery using CM/ECF and to AUSA Daya Nathan at daya.nathan@usdoj.gov and to U.S. Probation Officer Sornoza at Mercedes_sornoza@flsp.uscourts.gov  on May 20, 2026.

*John R. Howes, Esq.*
John R. Howes, Esq.