UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CR-20438-GAYLES

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALBERTO GONZALEZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

**MOTION TO CORRECT JUDGMENT**

The Defendant, Alberto Gonzalez, by and through undersigned counsel, Pursuant to Rules 35(a) and Rule 36 of the Federal Rules of Criminal Procedure, respectfully requests that this Honorable Court enter is Order Correcting the Judgment entered in this case at DE 304 on June 10, 2026.  As grounds in support of said Motion the Defendant would state as follows:

1.  The Indictment filed in this matter, DE 13, at pages 1 to 3 charges the Defendant in Count 1 with "Conspiracy to Distribute a Controlled Substance" in violation of 18 U.S.C. §846.  Beginning in the last paragraph of Page 2 and continuing on Page 3, the Indictment states in pertinent part:

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants, **ALBERTO GONZALEZ, JUAN MIGUEL TORNA ROJAS, WILLIAM PADRON PEREZ,**

**RICARDO ORAMAS VALDES,** and **DANIEL GERARDO TORRES**, as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii)."

2.   The Stipulated Factual Basis filed in this matter at DE 213 indicates that the Defendant conspired to possess with intent to distribute "500 grams but less than two (2) kilograms of cocaine, and did possess with intent to distribute more than 500 grams but less than two (2) kilograms of cocaine".

3.   The same facts appear in the (final) Presentence Investigation Report, DE 384 at page 2 indicates the same amounts of controlled substance that the Defendant plead guilty to.   Copies of the Indictment and the Stipulated Factual Basis are attached for the Court's convenience.

4.    The error in this instance is on page 1, "Title & Section/Nature of Offense" Where  Count 1 mistakenly states that the Defendant conspired "to distribute and possess with intent to distribute **five kilograms or** more of a mixture or substance containing a detectable amount of cocaine."  (Emphasis added).  A copy of the Judgment entered in this case is also attached as an Exhibit.  This clerical error has multiple negative consequences for the Defendant while serving his sentence and further constitutes a divergence the allegations, facts, and stipulation that was entered into between the parties and accepted as the factual basis before the Court.

The corrected language for Count 1 should read as follows:

21 U.S.C. §846 / Conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine".

5.   Rule 36 of the Federal Rules of Evidence provides that the Court can correct any "clerical error" upon giving any appropriate notice "at any time correct a clerical error in a judgment".

WHEREFORE the Defendant respectfully requests that this Honorable Court enter its Order directing the Clerk of Court to file a "corrected" Judgment making the true nature of the charges to which the Defendant plead guilty to, as evidenced by the attachments to this Motion.

DATED June 22, 2026.

John R. Howes, Esq.
Howes Law Group, P.A.
110 SE 6th Street
Suite 1700
Fort Lauderdale, FL 33301
Phone:  954.328.2358
Email:  FloridaLawyer@outlook.com
Florida Bar No. 0219193

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Correct Judgment has been furnished by Electronic Delivery using CM/ECF and to

AUSA Daya Nathan at daya.nathan@usdoj.gov and to counsel of record via CM/ECF this 22nd day of July, 2026.


John R. Howes, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## 25-CR-20438-GAYLES/SHAW-WILDER

CASE NO. _____

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853

**UNITED STATES OF AMERICA**

v.

**REINALDO FERNANDEZ,**
    a/k/a "Bolo,"
    a/k/a "Rey,"
**JAVIER GARCIA-MORA,**
**MICHEL GARCIA,**
    a/k/a "Cassi Clay,"
**RENIER MENDEZ,**
**ELVIS ALFONSO,**
**ALFREDO MIRANDA,**
**YANIEL CARDENAL FRIAS,**
**ALBERTO GONZALEZ,**
**JUAN MIGUEL TORNA ROJAS,**
**WILLIAM PADRON PEREZ,**
**RICARDO ORAMAS VALDES, and**
**DANIEL GERARDO TORRES,**

        Defendants.
_____/

FILED BY_____BM_____D.C.

Oct 1, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Distribute a Controlled Substance
### (21 U.S.C. § 846)

Beginning at least as early as in or around September 2024, and continuing through on or about September 16, 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

REINALDO FERNANDEZ,
a/k/a "Bolo,"
a/k/a "Rey,"
JAVIER GARCIA-MORA,
MICHEL GARCIA,
a/k/a "Cassi Clay,"
RENIER MENDEZ,
ELVIS ALFONSO,
ALFREDO MIRANDA,
YANIEL CARDENAL FRIAS,
ALBERTO GONZALEZ,
JUAN MIGUEL TORNA ROJAS,
WILLIAM PADRON PEREZ,
RICARDO ORAMAS VALDES, and
DANIEL GERARDO TORRES,

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants, **REINALDO FERNANDEZ, a/k/a "Bolo," a/k/a "Rey," JAVIER GARCIA-MORA, MICHEL GARCIA, a/k/a "Cassi Clay," RENIER MENDEZ, ELVIS ALFONSO, ALFREDO MIRANDA,** and **YANIEL CARDENAL FRIAS,** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants, **ALBERTO GONZALEZ, JUAN MIGUEL TORNA ROJAS, WILLIAM PADRON PEREZ, RICARDO ORAMAS VALDES,** and **DANIEL GERARDO TORRES,** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them,

2

is five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

## COUNT 2
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about September 24, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**REINALDO FERNANDEZ,**
**a/k/a "Bolo,"**
**a/k/a "Rey,"**
**MICHEL GARCIA,**
**a/k/a "Cassi Clay," and**
**ALBERTO GONZALEZ,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## COUNT 3
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about August 5, 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

3

**REINALDO FERNANDEZ,**
**a/k/a "Bolo,"**
**a/k/a "Rey,"**
**JUAN MIGUEL TORNA ROJAS, and**
**WILLIAM PADRON PEREZ,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## COUNT 4
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about August 27, 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**REINALDO FERNANDEZ,**
**a/k/a "Bolo,"**
**a/k/a "Rey,"**
**ALFREDO MIRANDA, and**
**YANIEL CARDENAL FRIAS,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

4

## COUNT 5
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about September 11, 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**REINALDO FERNANDEZ,**
**a/k/a "Bolo,"**
**a/k/a "Rey,"**
**JAVIER GARCIA-MORA,**
**RICARDO ORAMAS VALDES, and**
**DANIEL GERARDO TORRES,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## COUNT 6
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about September 16, 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**REINALDO FERNANDEZ,**
**a/k/a "Bolo,"**
**a/k/a "Rey," and**
**JAVIER GARCIA-MORA,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

5

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **REINALDO FERNANDEZ, a/k/a "Bolo," a/k/a "Rey," JAVIER GARCIA-MORA, MICHEL GARCIA, a/k/a "Cassi Clay," RENIER MENDEZ, ELVIS ALFONSO, ALFREDO MIRANDA, YANIEL CARDENAL FRIAS, ALBERTO GONZALEZ, JUAN MIGUEL TORNA ROJAS, WILLIAM PADRON PEREZ, RICARDO ORAMAS VALDES,** and **DANIEL GERARDO TORRES**, have an interest.

2. Upon a conviction of Title 21, United States Code, Sections 841 and/or 846, as alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3. The property directly subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

    (i) Approximately $100,020 in U.S. currency;

    (ii) Approximately $111,580 in U.S. currency;

    (iii) Approximately $29,000 in U.S. currency;

    (iv) Approximately $204,280 in U.S. currency; and

    (v) Approximately $41,056 in U.S. currency.

6

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

_____ FOR
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
DAYA NATHAN
ASSISTANT UNITED STATES ATTORNEY

_____
JEREMY FUGATE
ASSISTANT UNITED STATES ATTORNEY

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**CASE NO.: 25-CR-20438-GAYLES/SHAW-WILDER**

v.

REINALDO FERNANDEZ, et al.

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)

☑ Miami  ☐ Key West  ☐ FTP
☐ FTL  ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I ☐ 0 to 5 days
   II ☑ 6 to 10 days
   III ☐ 11 to 20 days
   IV ☐ 21 to 60 days
   V ☐ 61 days and over

   (Check only one)

   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Eduardo I. Sanchez _____ Magistrate Case No. 25-mj-3794

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of 9/16/25 (Reinaldo Fernandez and Javier Garcia-Mora)

10. Defendant(s) in state custody as of 9/24-25/24 (Gonzalez); 8/5-6/25 (Torna; Padron); 9/11-18/25 (Torres

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____

DAYA NATHAN
Assistant United States Attorney
FL Bar No.          74392

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** **REINALDO FERNANDEZ, a/k/a "Bolo," a/k/a "Rey"**

**Case No:** _____

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

Counts #: 2, 3, and 5

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

Counts #: 4 and 6

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:   JAVIER GARCIA-MORA**

**Case No:**

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

Count #: 5

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

Count #: 6

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:   MICHEL GARCIA, a/k/a "Cassi Clay"**

**Case No:** _____

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

Count #: 2

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  **RENIER MENDEZ**

**Case No:**

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846

* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  **ELVIS ALFONSO**

**Case No:**

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846

* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **ALFREDO MIRANDA**

**Case No:** _____

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

Count #: 4

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**<u>PENALTY SHEET</u>**

**Defendant's Name:** <u>**YANIEL CARDENAL FRIAS**</u>

**Case No:** _____

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

Count #: 4

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment:** 10 years' Imprisonment
* **Max. Term of Supervised Release:** Life
* **Mandatory Min. Term of Supervised Release:** 5 years
* **Max. Fine:** $ 10,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  <mark>**ALBERTO GONZALEZ**</mark>

**Case No:** _____

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

Count #: 2

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **JUAN MIGUEL TORNA ROJAS**

**Case No:** _____

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

Count #: 3

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:  WILLIAM PADRON PEREZ**

**Case No:** _____

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

Count #: 3

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name:**   <u>RICARDO ORAMAS VALDES</u>

**Case No:**

Count #: 1

<u>Conspiracy to Distribute a Controlled Substance</u>

<u>Title 21, United States Code, Section 846</u>
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

Count #: 5

<u>Possession with Intent to Distribute a Controlled Substance</u>

<u>Title 21, United States Code, Section 841(a)(1)</u>
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:** $5,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:  DANIEL GERARDO TORRES**

**Case No:**

Count #: 1

Conspiracy to Distribute a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:**  $5,000,000.00

Count #: 5

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** 40 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release**: Life
* **Mandatory Min. Term of Supervised Release:** 4 years
* **Max. Fine:**  $5,000,000.00

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20438-GAYLES(s)

UNITED STATES OF AMERICA

v.

ALBERTO GONZALEZ,

Defendant.

_____/

## STIPULATED FACTUAL BASIS

The United States of America, ALBERTO GONZALEZ ("Defendant"), and his undersigned counsel agree that, had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

Beginning at least as early as September 2024, and continuing through September 24, 2024, in Miami-Dade County, in the Southern District of Florida, the Defendant did knowingly and willfully combine, conspire, confederate, and agree with others to distribute and possess with intent to distribute more than 500 grams but less than two (2) kilograms of cocaine, and did possess with intent to distribute more than 500 grams but less than two (2) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846.

On September 24, 2024, the Defendant obtained approximately one kilogram of cocaine from a co-conspirator. Law enforcement subsequently conducted a lawful traffic stop of the Defendant's vehicle in Miami-Dade County, Florida. A narcotics canine alerted to the odor of narcotics emanating from the vehicle. Law enforcement searched the vehicle and seized the cocaine from the trunk of Defendant's vehicle. The Drug Enforcement Administration laboratory confirmed the substance seized from the Defendant was approximately 1013.7 grams

of cocaine.

The United States and the Defendant agree that these facts, which do not include all of the facts known to the United States and to the Defendant, are sufficient to prove beyond a reasonable doubt the Defendant's guilt as to the crimes of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 846, and Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 3/18/26          By: _____

DAYA NATHAN
ASSISTANT UNITED STATES ATTORNEY

Date: 3.18.26          By: _____

JOHN ROBERT HOWES
ATTORNEY FOR DEFENDANT

Date: 03-18-26          By: _____

ALBERTO GONZALEZ
DEFENDANT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **1:25-CR-20438-DPG(8)** |
| **ALBERTO GONZALEZ** | § USM Number: **15747-512** |
| | § |
| | § Counsel for Defendant: **John Robert Howes** |
| | § Counsel for United States: **Daya Nathan** |
| | § Court Reporter: **Lance Steinbeisser** |

**THE DEFENDANT:**

| | |
|---|---|
| ☒ | **pleaded guilty to Counts 1 and 2 of the Superseding Indictment.** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court |
| ☐ | was found guilty on count(s) after a plea of not guilty |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| **21 U.S.C. § 846 / Conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine** | **09/16/2025** | **1s** |
| **21 U.S.C. § 841(a)(1) / Possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine** | **09/24/2025** | **2s** |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**June 10, 2026**
Date of Imposition of Judgment

Signature of Judge

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**June 10, 2026**
Date

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case                                Judgment -- Page 2 of 7

DEFENDANT:          ALBERTO GONZALEZ
CASE NUMBER:        1:25-CR-20438-DPG(8)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 months as to Counts 1s and 2s to run concurrent with one another**.

☒    The court makes the following recommendations to the Bureau of Prisons:
**The defendant be designated to a facility in or as near to South Florida as possible.**

**This term of imprisonment shall run concurrent to the sentence imposed in Miami Dade County Case No. F24-020383**

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

   ☐    at                          ☐    a.m.     ☐    p.m.     on

   ☐    as notified by the United States Marshal.

☒    **The Defendant shall surrender for service of his sentence at the institution designated by the Bureau of Prisons by 12:00 noon on July 3, 2026. If not designated by the specified date, the Defendant shall surrender to the U.S. Marshals Service at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, 6th floor, Miami, Florida 33128.**

   ☐    before 2 p.m. on
   ☐    as notified by the United States Marshal.
   ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


      Defendant delivered on _____ to


at _____, with a certified copy of this judgment.




                                                    UNITED STATES MARSHAL

                                                              By
                                                    DEPUTY UNITED STATES MARSHAL

DEFENDANT: ALBERTO GONZALEZ
CASE NUMBER: 1:25-CR-20438-DPG(8)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on Supervised Release for a term of **four (4) years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:      ALBERTO GONZALEZ
CASE NUMBER:    1:25-CR-20438-DPG(8)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: ALBERTO GONZALEZ
CASE NUMBER: 1:25-CR-20438-DPG(8)

# SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction:** The defendant is prohibited from associating with co-defendants and co-conspirators while on probation/supervised release.

**Permissible Search:** The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Substance Abuse Treatment:** The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third-party payment.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case                                                    Judgment -- Page 6 of 7

DEFENDANT:            ALBERTO GONZALEZ
CASE NUMBER:         1:25-CR-20438-DPG(8)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | **$200.00** | $.00 | $.00 | | |

☐   The determination of restitution is deferred until       An *Amended Judgment in a Criminal Case (AO245C)* will be entered
after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐   the interest requirement is waived for the      ☐   fine          ☐   restitution

  ☐   the interest requirement for the          ☐   fine          ☐   restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
** Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 4/25) Judgment in a Criminal Case                                    Judgment -- Page 7 of 7

DEFENDANT:        ALBERTO GONZALEZ
CASE NUMBER:      1:25-CR-20438-DPG(8)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    ☒    Lump sum payments of **$200.00** due immediately.

**It is ordered that the Defendant shall pay to the United States a special assessment of $200.00 for Counts 1s and 2s, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
      See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
      Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
      **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea
      agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.